IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

_____

| | |
|---|---|
| **ADRIENNE HALE,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) |
| | ) No. 18-2484-TMP |
| **NANCY A. BERRYHILL, Acting** | ) |
| **Commissioner of Social** | ) |
| **Security,** | ) |
| | ) |
| **Defendant.** | ) |

_____

**ORDER AFFIRMING THE COMMISSIONER'S DECISION**
_____

Before the court is plaintiff Adrienne Hale's appeal from a final decision of the Commissioner of Social Security ("Commissioner") denying her application for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act ("Act"), 42 U.S.C. §§ 1381-1385. (ECF No. 1.) The parties have consented to the jurisdiction of the United States magistrate judge pursuant to 28 U.S.C. § 636(c). (ECF No. 9.) For the following reasons, the Commissioner's decision is affirmed.

## I. FINDINGS OF FACT

Hale applied for SSI on August 4, 2014. (R. 186-91.) The claims were denied initially and on reconsideration. (R. 91-106.) At Hale's request, an Administrative Law Judge ("ALJ") held a hearing and issued a written decision. (R. 11-28.) In her written decision, the ALJ first found that Hale had not engaged in substantial gainful activity since the application date. (R. 16.)

Second, the ALJ determined that Hale had severe impairments of affective disorder, anxiety disorder, organic mental disorder, and degenerative disc disease. (R. 16.) Third, the ALJ determined Hale did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (R. 17.) Next, the ALJ determined that Hale retained the residual functional capacity ("RFC") to perform medium work as defined in 20 C.F.R. § 404.1567(c) and 416.967(c) except she:

> is limited to performing simple, routine tasks. She can sustain concentration for no more than 2 hours before a break, and would work better with things rather than people. She can have occasional contact with supervisors, coworkers and the public. She can adapt to infrequent, gradually introduced changes in the workplace, but will likely be off task 10% of the workday.

(R. 19.) Fourth, the ALJ found that Hale was capable of performing past relevant work as a housekeeper or cleaner because "[t]his work does not require the performance of work-related activities precluded by the claimant's [RFC.]" (R. 22.) Thus, the ALJ found that Hale was not disabled. (R. 22.) The Social Security Administration's ("SSA") Appeals Council denied Hale's request for review, making the ALJ's decision the final decision of the Commissioner. (R. 1.)

Hale filed the instant action on July 18, 2018. (ECF No. 1.) Hale argues that the ALJ's assessment of the medical opinion evidence was not supported by substantial evidence. Specifically,

Hale argues that the record does not support the ALJ's reasons for rejecting the opinions of her treating therapists. Hale also argues that the ALJ failed to comply with SSR 06-03P, failed to adequately consider all the factors identified in 20 C.F.R. § 416.927(c), and erroneously rejected her consistently low global assessment functioning ("GAF") scores.

## II. CONCLUSIONS OF LAW

**A. Standard of Review**

Under 42 U.S.C. § 405(g), a claimant may obtain judicial review of any final decision made by the Commissioner after a hearing to which he or she was a party. "The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g). Judicial review of the Commissioner's decision is limited to whether there is substantial evidence to support the decision and whether the Commissioner used the proper legal criteria in making the decision. Id.; Winn v. Comm'r of Soc. Sec., 615 F. App'x 315, 320 (6th Cir. 2015); Cole v. Astrue, 661 F.3d 931, 937 (6th Cir. 2011); Rogers v. Comm'r of Soc. Sec., 486 F.3d 234, 241 (6th Cir. 2007). Substantial evidence is more than a scintilla of evidence but less than a preponderance, and is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."

Kirk v. Sec'y of Health & Human Servs., 667 F.2d 524, 535 (6th Cir. 1981) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)).

In determining whether substantial evidence exists, the reviewing court must examine the evidence in the record as a whole and "must 'take into account whatever in the record fairly detracts from its weight.'" Abbott v. Sullivan, 905 F.2d 918, 923 (6th Cir. 1990) (quoting Garner v. Heckler, 745 F.2d 383, 388 (6th Cir. 1984)). If substantial evidence is found to support the Commissioner's decision, however, the court must affirm that decision and "may not even inquire whether the record could support a decision the other way." Barker v. Shalala, 40 F.3d 789, 794 (6th Cir. 1994) (quoting Smith v. Sec'y of Health & Human Servs., 893 F.2d 106, 108 (6th Cir. 1989)). Similarly, the court may not try the case *de novo*, resolve conflicts in the evidence, or decide questions of credibility. Ulman v. Comm'r of Soc. Sec., 693 F.3d 709, 713 (6th Cir. 2012) (citing Bass v. McMahon, 499 F.3d 506, 509 (6th Cir. 2007)). Rather, the Commissioner, not the court, is charged with the duty to weigh the evidence, to make credibility determinations, and to resolve material conflicts in the testimony. Walters v. Comm'r of Soc. Sec., 127 F.3d 525, 528 (6th Cir. 1997); Crum v. Sullivan, 921 F.2d 642, 644 (6th Cir. 1990); Kiner v. Colvin, No. 12-2254-JDT, 2015 WL 1295675, at *1 (W.D. Tenn. Mar. 23, 2015).

**B. The Five-Step Analysis**

The Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1). Additionally, section 423(d)(2) of the Act states that:

> An individual shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work. For purposes of the preceding sentence (with respect to any individual), "work which exists in the national economy" means work which exists in significant numbers either in the region where such individual lives or in several regions of the country.

Under the Act, the claimant bears the ultimate burden of establishing an entitlement to benefits. Oliver v. Comm'r of Soc. Sec., 415 F. App'x 681, 682 (6th Cir. 2011). The initial burden is on the claimant to prove she has a disability as defined by the Act. Siebert v. Comm'r of Soc. Sec., 105 F. App'x 744, 746 (6th Cir. 2004) (citing Walters, 127 F.3d at 529); see also Born v. Sec'y of Health & Human Servs., 923 F.2d 1168, 1173 (6th Cir. 1990). If the claimant is able to do so, the burden then shifts to the Commissioner to demonstrate the existence of available employment compatible with the claimant's disability and

-5-

background.  Born, 923 F.2d at 1173; see also Griffith v. Comm'r of Soc. Sec., 582 F. App'x 555, 559 (6th Cir. 2014).

Entitlement to social security benefits is determined by a five-step sequential analysis set forth in the Social Security Regulations.  See 20 C.F.R. §§ 404.1520 & 416.920.  First, the claimant must not be engaged in substantial gainful activity.  See 20 C.F.R. §§ 404.1520(b) & 416.920(b).  Second, a finding must be made that the claimant suffers from a severe impairment.  20 C.F.R. §§ 404.1520(a)(4)(ii) & 416.920(a)(5)(ii).  In the third step, the ALJ determines whether the impairment meets or equals the severity criteria set forth in the Listing of Impairments contained in the Social Security Regulations.  See 20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526.  If the impairment satisfies the criteria for a listed impairment, the claimant is considered to be disabled.  On the other hand, if the claimant's impairment does not meet or equal a listed impairment, the ALJ must undertake the fourth step in the analysis and determine whether the claimant has the RFC to return to any past relevant work.  See 20 C.F.R. §§ 404.1520(a)(4)(iv) & 404.1520(e).  If the ALJ determines that the claimant can return to past relevant work, then a finding of not disabled must be entered.  Id.  But if the ALJ finds the claimant unable to perform past relevant work, then at the fifth step the ALJ must determine whether the claimant can perform other work existing in significant numbers in the national economy.  See 20 C.F.R. §§

404.1520(a)(4)(v), 404.1520(g)(1), 416.960(c)(1)-(2).  Further review is not necessary if it is determined that an individual is not disabled at any point in this sequential analysis.  20 C.F.R. § 404.1520(a)(4).

**C. Whether Substantial Evidence Supports the ALJ's Consideration of the Medical Opinion Evidence**

Hale first argues that the ALJ erred in assessing the opinions of her treating therapists, Kimberly Rickels and Rachel Jones. Both Rickels and Jones completed medical source forms suggesting Hale had disabling-level mental limitations.  Hale concedes that both Rickels and Jones are properly characterized as "other medical sources" under the Social Security regulations.  See 20 C.F.R. §§ 404.1502, 404.1513(a); Bowman v. Comm'r of Soc. Sec., 683 F. App'x 367, 374 (6th Cir. 2017); see also SSR 06-3P, 2006 WL 2329939 (Aug. 9, 2006).  "[O]ther-source opinions are not entitled to any special deference."  Hill v. Comm'r of Soc. Sec., 560 F. App'x 547, 550 (6th Cir. 2014).  An ALJ is only required to "generally . . . explain the weight given to opinions for these 'other sources[.]'" Id. (quoting SSR 06-03P, 2006 WL 2329939, at *6).  Such explanation should "ensure that the discussion of the evidence in the determination or decision allows a claimant or subsequent reviewer to follow the adjudicator's reasoning, when such opinions may have an effect on the outcome of the case."  SSR 06-03P, 2006 WL 2329939, at *6.  An exhaustive analysis of every regulatory factor

is therefore not required. See Francis v. Comm'r Soc. Sec. Admin., 414 F. App'x 802, 804 (6th Cir. 2011); see also 20 C.F.R. § 416.927(c) (listing factors to be considered in evaluating medical opinions). Even so, reliance on only one factor may be cause for remand. See Watson v. Comm'r of Soc. Sec., No. 1:13-cv-105, 2014 WL 468851, at *9 (S.D. Ohio, Feb. 5, 2014); Carroll v. Colvin, No. 13-CV-456S, 2014 WL 2945797, at *3 (W.D.N.Y. June 30, 2014); Shannon v. Astrue, No. 2:11-cv-00394-JCM, 2012 WL 7850900, at *9 (D. Nev. Oct. 9, 2012); see also Lands v. Comm'r of Soc. Sec., 2:18-cv-249, 2018 WL 6167345, at *8 (S.D. Ohio Nov. 26, 2018) (remanding where ALJ "failed to cite *any* of the relevant factors or provide any form of substantive analysis") (emphasis added); Desantis v. Comm'r of Soc. Sec., 24 F. Supp. 701, 710 (S.D. Ohio June 4, 2014) (remanding because it was not clear that ALJ considered SSR 06-3P factors and that treating mental health nurse practitioner's opinion should have been afforded some weight).

The ALJ decided to give "partial weight" to Jones's opinion because it was "not consistent with mental status examinations contained in mental health treatment records," and "[f]or this same reason, little weight . . . to the opinion of the claimant's prior therapist Kimberly Rickels." (R. 21-22.) The consistency of a medical opinion with other evidence in the record is one factor that may be considered in evaluating medical opinion evidence. See SSR 06-03P, 2006 WL 2329939, at *4. The ALJ's discussion of the

-8-

weight afforded Rickels and Jones's opinions was sufficient to allow a subsequent reviewer to follow the ALJ's reasoning where the ALJ made sufficient factual findings elsewhere to support his conclusion. See Crum v. Comm'r of Soc. Sec., 660 F. App'x 449, 457 (6th Cir. 2016) (citing Forrest v. Comm'r of Soc. Sec., 591 F. App'x 359, 366 (6th Cir. 2014)). Specifically, the ALJ previously discussed extensive medical treatment records from Alliance Healthcare system that "repeatedly" indicated normal recent and remote memory, normal attention and concentration, normal appearance, eye contact, speech, memory, perception, thought processes, and concentration/attention, and that Hale demonstrated cooperative behavior. (R. 20-21.) In light of these treatment records, the ALJ afforded Rickels and Jones's opinions partial and little weight, respectively. (R. 21.) The ALJ was not required to further discuss these treatment records a second time when stating that Rickels and Jones's opinions were inconsistent. While the ALJ could have discussed, *inter alia*, the length of treatment, explanation of the opinions, area of expertise, or any other regulatory factor, see SSR 06-03P, 2006 WL 2329939, at *4, such additional explanation is not required. The ALJ sufficiently stated a proper factor for analyzing these "other source" opinions and sufficiently explained why she assigned the opinions the weight that she did. Substantial evidence supports this decision.

Hale also argues that Rickels and Jones's opinions should have been credited over David Goldstein, Ph.D., a private consultative examiner, and Michael Guinle, Ph.D., a state agency consultative examiner. Specifically, Hale argues that Dr. Goldstein failed to provide a definitive explanation for her alleged symptom magnification, and his "lack of familiarity with [Hale's] whole course of treatment detract from his suggestion" that she was malingering. (ECF No. 11 at 18.) Hale also asserts that Dr. Guinle stated that he suspected malingering because Hale's symptoms did not match up with her assertion that she suffered from schizophrenia and bipolar disorder, when she had in fact been diagnosed with both. (Id. at 18-19.) Thus, Hale argues that these opinions do not provide substantial evidence for rejecting Rickels and Jones's assessments.

The ALJ committed no legal error in assessing these opinions, and her analysis is otherwise supported by substantial evidence. The ALJ assigned less weight to Dr. Goldstein's opinion because "many of his findings were based upon the claimant's self-assessments." (R. 21.) She otherwise gave "appropriate weight to the opinion of Dr. Goldstein to the extent that it is consistent with the record as a whole." There is no indication how Dr. Guinle's opinion even factored into the ALJ's analysis. Hale's assertion that the ALJ somehow discredited Rickels and Jones's opinions in favor of Dr. Goldstein and Dr. Guinle is specious where

the ALJ afforded Dr. Goldstein some weight, Rickels partial weight, Jones little weight, and did not specifically discuss the weight afforded Dr. Guinle.  Furthermore, as explained above, the ALJ relied on other medical records, including the treatments at Alliance Healthcare system, in evaluating Rickels and Jones's opinions.  The ALJ also relied on other medical opinions that Hale apparently takes no issue with, notably the State agency psychological consultant Michael Hammond, Ph.D.  And even if the ALJ had accepted Dr. Guinle and Dr. Goldstein's opinions over Rickels and Jones's, such determination is specifically reserved for the ALJ, and this court may not reweigh the evidence.  See Shepard v. Comm'r of Soc. Sec., 705 F. App'x 435, 442 (6th Cir. 2017).  Substantial evidence – more than a mere scintilla – therefore supports the ALJ's decision.  See Kirk, 667 F.2d at 535.

Hale finally argues that her consistent GAF score of 50 reflects "serious symptoms" and further supports Rickels and Jones's assessments.  But as explained above, the ALJ considered the medical evidence in the record and sufficiently explained her rationale for assigning Rickels and Jones – "other sources" not entitled to any special deference – the weight that she did.  That some other evidence in the record might support a different conclusion is not a ground for remand where substantial evidence supports the ALJ's decision.  Such is the case here.

### III. CONCLUSION

For these reasons, the Commissioner's decision is AFFIRMED.

IT IS SO ORDERED.

                                        s/ Tu M. Pham
                                        TU M. PHAM
                                        United States Magistrate Judge

                                        May 3, 2019
                                        Date